Follett, J.
In January 1867, William Stayner died intestate leaving his widow, Lucia M. Stayner, and three children, Thomas Stayner, Mariali Ream wife of Jacob Ream, and Susannah Bower wife of David Bower. January 25, 1867, Thomas Stayner became administrator of William Stay-ner’s estate. April 25, 1867, there was filed an inventory and appraisement of the estate, containing a due bill and note of David Bower to the decedent; the due bill for $685 dated September 9, 1863, was appraised at $825.50, and the note for $94.15 payable nine months after date, and dated October 26, 1864-, was appraised at $107.31. Other similar notes had been given by the other children, and all were in the inventory. It was noted on the inventory that these notes were claimed to be advancements made to the heirs. In order to test the *315 validity of these notes as assets of the estate, on April 26, 1867, Thomas Stayner, as administrator, commenced suit against David Bower on his notes, and claimed judgment. In that case David Bower answered saying, that, at the times of the execution of his notes, "William Stayner advanced to Susannah Bower,wife of David Bower and daughter of William Stayner, the amounts for which the notes were given, as advancements upon her share of the estate of William Stayner; and that they were executed and delivered upon the express agreement and understanding that he was never to be required to pay the same, but that they were to be held by William Stayner simply as memoranda of the amounts so advanced.
Upon trial the court found that the notes were .given as such memoranda, and gave judgment for David Bower. After this judgment the administrator did not deem the notes as assets of the estate, but as he was charged with them in the inventory, he claimed credit for the amount of them in his account filed August 27, 1868. To this credit the widow excepted, the probate court overruled her exceptions, the case went to the court of common pleas where the exception was sustained, and the administrator was charged with the amounts without allowing the credit as an offset. Other settlements were filed, and exceptions were taken, and the matter came to this court, and Thomas Stayner, as administrator, remained charged as in his inventory without this credit to offset the charge. Stayner's case, 33 Ohio St. 481.
The widow was paid her proper part of the whole amount, regarding these advancements as part of the estate.
Then Susannah Bower also claimed and ' demanded of Thomas Stayner, the administrator, the full amount of- her share including all the advancements, without giving credit for any part advanced for her and in her husband’s control. This, she had a legal right to do, without allowing as offset the advancement of her father for which David Bower gave the memoranda. She sued the administrator, her brother, and his bondsmen, one of whom was her husband, and compelled the administrator, Thomas Stayner, to pay her full share ; which, November 8, 1880, was $1,596.55, besides what he had paid *316 her. A few days after, on November 16, 1880, Thomas Stay-ner commenced this suit against David Bower, and made Susannah Bower a party, to recover of David Bower the amount of the advancements so received by David of William Stayner for Susannah, less the amount if any, David had paid therefrom to Susannah. In his petition Thomas Stayner set up the facts of his administration of the estate that relate to this matter; the pleadings, findings and doings of the courts in the several suits and proceedings ; and asked that David Bower and Susannah should show what amount, if anything, of the advancements received by David for Susannah, had been paid to her, and that he, Thomas Stayner, be subrogated to all the legal and equitable rights and remedies of Susannah Bower as against David Bower on account of moneys or property received by him from her father as advancements on her share of the estate ; and for judgment against David Bower for $1,596.55, with interest from November 8, 1880 ; and for other proper relief. A general demurrer to the petition was overruled, and to this long petition there is a lengthy answer, denying that Thomas Stayner paid Susannah out of his own funds, denying that David ever received from William Stayner any money in trust for the use of Susannah, or coupled with any obligation to account to Susannah ; and denying indebtedness to Thomas Stayner, pleading the limitation of fifteen years, and setting up Susannah Bower’s action for her distributive share, which resulted in her getting the $1,596.55.
To this there was a reply denying various statements immaterial here. . .
On the trial plaintiff’s evidence showed, that the two papers, called notes, were in the possession of William Stayner at the time of his death, and came to the administrator’s possession as papers belonging to the estate ; that David Bower got of William Stayner the amount, for which the papers were given, for the use of Susannah Bower; and that no part of the same had been paid to Thomas Stayner, as administrator or otherwise. The substantial facts are undisputed, but the parties differ as to the law. The court found the equity of the case with the defendants, and dismissed the petition.
*317 The case is here on plaintiff’s bill of exceptions ; and the plaintiff is asking the reversal of the judgment below, and for judgment in liis favor. From what is shown, should this be granted ?
Plaintiff’s action is not on the papers called notes, or mem-oranda ; but is in equity, and as if brought by Susannah Bower, for the amount of the money and property for which the -papers were given, and which money and property were received by David Bower, not as presents for himself, but as advancements for Susannah, his wife ; and were to be applied-on her distributive share of William Stayner’s estate.
On the final settlement of Thomas Stayner, as administrator of that estate, there was due her $1,596.55, which was then in the hands of David Bower, whom she could force to pay it; or she could look only to the administrator, if she should so elect.
The administrator was charged with the amount of the money and property then in David Bower’s hands, as part of the estate of William Stayner, for Susannah. She could sue David and force him to pay, or hand over to her what he held for her ; or she could look only to the estate as in the hands of the administrator, and force him to pay her the full share. .She chose to sue the administrator, and he wasiforced to pay her in full. He did not voluntarily cancel David’s obligation. When Thomas Stayner so paid Susannah, her rights and remedies against David as to this advancement, passed to Thomas; and, by operation of law, Thomas became subrogated to those rights and remedies. It is not denied that up to the time that Thomas paid Susannah, she could have forced David to pay her this amount; but then, when Thomas paid her, she lost this right, and it passed from her to Thomas.
This suit is to enforce the rights and remedies of Susannah as to this advancement, now belonging to Thomas. As to plaintiff’s rights by subrogation, see Sheldon on' Subrogation, § 1 and § 202, and citations. Smith v. Alexander, 4 Sneed, 482; Westerman v. Westerman, 25 Ohio St. 500; Dumpsey v. Bush, 18 Ohio St. 376; Sidener v. Hawes, 37 Ohio St. 532.
Thomas ‘Stayner evoked his rights and remedies against *318 David Bower only a few days after he acquired them, and they have not been lost by any limitation since.
The suits with the administrator did not affect Susannah’s rights or remedies against David Bower, nor did they preclude Thomas Stayner from being subrogated to the same. This is a suit in equity for equitable relief. Thomas Stayner has been compelled to pay a sum equal to the amount of this money and property in David Bower’s hands, and to pay it to the one for whom David Bower held it. David Bower admits that he received the money and property, and that lie has not paid any part of it to Susannah Bower, for whom he held it, nor to Thomas Stayner who paid her the equivalent of it when he paid her the remainder of her full distributive share. There is not shown in this case any reason, legal or equitable, that should prevent the relief prayed for by plaintiff.
The equity of the case is with the plaintiff, and there is error in the judgment below.
The plaintiff is entitled to be subrogated to Susannah’s rights and remedies against David Bower, as to this property ; and plaintiff is entitled to a judgment against David Bower for the sum of $1,596.55 with interest thereon from November 8th 1880, and for his costs in the case.

Judgment reversed and judgment against David Bower.